UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NATHAN DALE HIIBEL<br><br>Petitioner,<br><br>v.<br><br>CAROLYN W. COLVIN, acting Commissioner of the Social Security Administration,<br><br>Respondent. | Case No. 1:13-cv-172-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Petitioner Nathan Dale Hiibel's Petition for Review, filed April 8, 2013, challenging the Respondent's denial of social security benefits. (Dkt. 1.) The Court has reviewed the Petition, Respondent's Answer, the parties' memoranda, and the administrative record (AR)[1], and for the reasons that follow, will affirm the decision of the Commissioner.

---

[1] The record in this matter appears at Docket No. 10. Although Docket No. 10 includes 9 subparts, the parts are collectively organized and paginated as a single document. Citations to the AR in this decision utilize the page numbers for the entire record, not the numbers generated by CM/ECF or the numbers used in individual documents.

**MEMORANDUM DECISION AND ORDER - 1**

# PROCEDURAL AND FACTUAL HISTORY

Petitioner filed an application for Disability Insurance Benefits on June 29, 2010, and an application for Supplemental Security Income on June 30, 2010. In both applications, Petitioner claimed total disability due to a bulging disc, asthma, and thyroid problems. The applications were denied initially and on reconsideration, and a hearing was held on November 4, 2011, before Administrative Law Judge (ALJ) Douglas S. Stults. After hearing testimony from Petitioner and a vocational expert, the ALJ issued a decision on March 8, 2012, finding Petitioner not disabled. Petitioner timely requested review by the Appeals Council, which denied his request for review on February 6, 2013.

Petitioner appealed this final decision to the Court. The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

At the time of the hearing, Petitioner was forty-two years of age. Petitioner has an eighth grade education and prior work experience as a truck driver.

# SEQUENTIAL PROCESS

The Commissioner follows a five-step sequential evaluation for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, it must be determined whether the claimant is engaged in substantial gainful activity. The ALJ found Petitioner had not engaged in substantial gainful activity since his alleged onset date of December 1, 2009. At step two, it must be determined whether the claimant suffers from a severe impairment. The ALJ found Petitioner's disorders of the lumbar spine (discogenic and degenerative), asthma, hypothyroidism, and obesity severe within

the meaning of the Regulations.

Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Petitioner's impairments did not meet or equal the criteria for the listed impairments, specifically listings 1.00 (musculoskeletal system), 1.04 (disorders of the spine), 3.00 (respiratory system), 3.03 (asthma), and 9.00 (endocrine disorders). If a claimant's impairments do not meet or equal a listing, the Commissioner must assess the claimant's residual functional capacity (RFC) and determine, at step four, whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Petitioner was not able to perform his past relevant work as a truck driver.

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate, at step five, that the claimant retains the capacity to make an adjustment to other work that exists in significant levels in the national economy, after considering the claimant's residual functional capacity, age, education and work experience.

At this step, the ALJ determined that Petitioner retained the RFC to perform sedentary work subject to a variety of functional limitations. For example, the ALJ found Petitioner can occasionally climb ramps and stairs, balance, and stoop; but he can never kneel, crouch, crawl, and climb ropes, ladders, or scaffolds. In addition, the ALJ found Petitioner must avoid exposure to vibration; irritants, such as dusts, fumes, smoke, gases, and poor ventilation; high humidity and wetness; and temperatures of 80 degrees or more

**MEMORANDUM DECISION AND ORDER - 3**

and 60 degrees or less. The ALJ also noted that Petitioner's pain and symptomology limited him to sitting for about 30 minutes before having to stand at a workstation for less than 5 minutes, possibly resulting in a 10% reduction in pace and production from that of an average employee.

The ALJ initially relied on the Medical-Vocational Guidelines and found that Petitioner's ability to perform all or substantially all of the requirements of sedentary work was impeded by the limitations noted above. To determine the extent to which Petitioner's additional limitations erode the sedentary occupational base, the ALJ relied on a vocational expert. The vocational expert testified that, even with his limitations, Petitioner could perform the following occupations: call out operator, microfilm document preparer, and tube operator. Based on the guidelines and opinion testimony, the ALJ found Petitioner not disabled.

## STANDARD OF REVIEW

Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he not only cannot do his previous work but is unable, considering his age, education, and work experience, to engage in any other kind

of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Commissioner if the decision is supported by substantial evidence and is not the product of legal error. 42 U.S.C. § 405(g); *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474 (1951); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla but less than a preponderance, *Jamerson v Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist that supports the petitioner's claims. 42 U.S.C. § 405(g); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, will be conclusive. *Id*. It is well-settled that, if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999). Nor will the Court reverse an ALJ's decision for harmless error—that is, an error "inconsequential to

the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

When reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard a claimant's self-serving statements. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence. *Matthews v. Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993).

## DISCUSSION

Petitioner contends the ALJ erred at step five for two reasons. First, Petitioner argues the ALJ improperly evaluated Petitioner's credibility. Second, Petitioner claims the ALJ failed to properly explain the weight given, or give appropriate weight to, the opinion of Petitioner's treating physician, Dr. Richard Chadek. The Court addresses each of these issues below.

1. **Petitioner's Credibility**

Petitioner asserts the ALJ erred by failing to properly evaluate Petitioner's credibility. The ALJ found Petitioner's allegations of disability "not fully credible" because they were inconsistent with evidence in the record. Specifically, the ALJ noted Petitioner's allegations of disability were "internally inconsistent" with his daily activities

and "externally inconsistent" with the medical evidence. (AR at 28-29.) To the extent the ALJ found Petitioner's subjective pain testimony unsupported by the medical evidence of record, that is not a proper basis for discrediting Petitioner. Where, as here, a claimant produces evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints of pain based solely on lack of medical evidence. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). However, the ALJ provided alternative, adequately supported reasons for discrediting Petitioner.

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). In evaluating credibility, the ALJ may utilize ordinary techniques of credibility evaluation, including considering the claimant's reputation for truthfulness, inconsistencies in the claimant's testimony or between the claimant's testimony and conduct, claimant's daily activities, claimant's work record, and testimony from physicians and third parties concerning the nature, severity and effect of the symptoms of which claimant complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002). The ALJ also may consider the location, duration and frequency of symptoms; factors that precipitate and aggravate those symptoms; the amount and side effects of medications; and treatment measures taken by the claimant to alleviate those symptoms. *See* Soc. Sec. Ruling 96-7p. However, the ALJ's credibility findings must be supported by "specific, cogent reasons." *Reddick*, 157 F.3d at 722.

Where, as here, there is no affirmative evidence of malingering, the ALJ may find

**MEMORANDUM DECISION AND ORDER - 7**

a claimant's subjective complaints not credible only if the ALJ provides "clear and convincing" reasons. *Burch*, 400 F.3d at 680. General findings are insufficient; the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Reddick*, 157 F.3d at 722. But, if there is substantial evidence in the record to support the ALJ's credibility finding, the Court will not second-guess the ALJ. *Thomas*, 278 F.3d at 959.

Here, objective medical evidence demonstrates that Petitioner suffers from a bulging disc in his lumbar spine, which results in pain, numbness, and weakness in his lower back and left leg.[2] Petitioner testified that he could not maintain regular employment because pain in his left leg kept him from sitting or standing for prolonged periods of time and because medication for the pain made him drowsy. (AR at 48.) Petitioner further stated that his pain varied but would become more intense after walking more than 20 minutes or sitting for more than 30 minutes. (AR at 53-54.) However, the ALJ could properly find that Petitioner's description of the severity and effect of his disabilities was inconsistent with Petitioner's self-reported daily activities and his failure to follow medical advice regarding his pain.

Daily activities may be grounds for an adverse credibility finding if they contradict a claimant's other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Petitioner reported a variety of day-to-day activities that undermine his claims of disabling pain. In a July 2010 Function Report, Petitioner stated that he performed household chores—such

---

[2] Petitioner also has diagnosed with asthma and hypothyroidism, but the record indicates these conditions can be controlled by medication. (AR at 29.)

**MEMORANDUM DECISION AND ORDER - 8**

as cooking, cleaning, yard maintenance, and gardening—without assistance. (AR at 199.) In addition, Petitioner reported that he went outside his home four to six times a day, periodically shopped for food and clothing, attended church regularly, and occasionally went fishing. (*Id.* at 200-01.) At the November 2011 hearing before the ALJ, Petitioner testified that he engaged in some combination of these activities for about four hours in an average day. (*Id.* at 55-56.) Considering these activities, the ALJ concluded Petitioner's symptoms were not as severe as Petitioner claimed.

Substantial evidence supports the ALJ's conclusion that Petitioner's pain testimony was not fully credible. Although the ALJ's findings are not fully detailed, they specify daily activities that contradict Petitioner's claim that pain renders him unable to stand or sit for long enough to sustain employment. For example, Petitioner reported that his "left leg gives out when walking approximately 1 block," (*Id.* at 202), but the ALJ noted that he could mow his small lawn in 20 minutes without taking a break. (*Id.* at 50.) Petitioner also admitted that he engaged in various activities in and outside his home for a substantial amount of time each day.

In addition, the ALJ noted Petitioner did not follow prescribed medical treatment. An ALJ may rely on "an unexplained . . . failure to . . . follow a prescribed course of treatment" as a basis for discrediting an allegation of disabling pain. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). For example, treating physician Dr. Sameh Hanna advised Petitioner to stop chewing tobacco to better control his pain. (AR at 293.) But, as of September 1, 2010, Petitioner had not done so. (*Id.* at 294.) The record contains no

**MEMORANDUM DECISION AND ORDER - 9**

explanation why Petitioner continued to use tobacco despite Hanna's advice. Because the ALJ gave multiple, specific reasons, each supported with substantial evidence, for finding Petitioner's activities inconsistent with his alleged disability, the Court will not second-guess the ALJ.

**2.     Physician Opinion**

Petitioner challenges the ALJ's decision giving "minimal weight" to a June 23, 2010 assessment of Petitioner by treating physician Dr. Richard Chadek. (*Id.* at 30.) As an initial matter, the parties agree that the ALJ's written decision mischaracterizes Chadek's assessment as the statement of a "nonmedical person."[3] (*Id.*) However, this mischaracterization constitutes harmless error because the ALJ properly rejected Chadek's unsupported opinion concerning Petitioner's absenteeism and the ALJ's findings are otherwise consistent with Chadek's supported opinions on Petitioner's physical limitations. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (explaining that an error is harmless when it does not affect the ultimate nondisability determination).

Only one aspect of Chadek's assessment could have changed the ALJ's nondisability determination—Chadek's opinion that Petitioner was likely to miss about four days of work per month. (*See* AR at 187.) During the hearing, a Vocational Expert

---

[3]     The record indicates that the ALJ recognized the assessment, which is marked as Exhibit 1E in the record, was prepared by a physician. At the hearing, Petitioner's representative explained to the ALJ that Exhibit 1E was actually a medical source statement. (AR at 41-42.) In response, the ALJ stated "I have no idea why it [the June 23 assessment] was there [with Petitioner's non-medical records], but I read it and I saw it, don't worry." (*Id.* at 42.) Nevertheless, the ALJ's written decision misidentifies Chadek as a nonmedical person.

**MEMORANDUM DECISION AND ORDER - 10**

testified that a hypothetical person who missed one day of work per week would be unable to maintain competitive employment. Thus, if fully credited, Chadek's opinion would tend to support a finding that Petitioner's absenteeism precludes him from competitive employment.

The Ninth Circuit recognizes three categories of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, more weight is accorded to the opinion of a treating source than to nontreating physicians. *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir.1987). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

The ALJ may reject a treating physician's opinion whether it is contradicted or not. *Id.* While a treating physician's uncontradicted opinion may be rejected only for "clear and convincing" reasons supported by substantial evidence, *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir.1991), the ALJ need only provide "specific and legitimate" reasons for rejecting an opinion contradicted by another physician's opinion. *Lester*, 81 F.3d at 830. Further, the ALJ is not required to accept an opinion of a treating physician if it is conclusory and not supported by clinical findings. *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). An ALJ also may reject a treating

physician's opinion if it is based "to a large extent" on a claimant's self-reports that have been property discounted as not credible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

Although the ALJ professed to give Chadek's entire assessment minimal weight, the ALJ also noted that the assessment was consistent with sedentary work. In fact, Chadek's assessment is largely consistent with the opinions of two nonexamining physicians whose opinions were given great weight. *Compare* (AR at 185-87) (Chadek's opinion) *with* (*id.* at 282-90) (nonexamining physician opinions). In areas where Chadek's assessment differed from the nonexamining physicians' opinions—for instance, Chadek opined that Petitioner could rarely twist, stoop, or crouch whereas the nonexamining physicians found no such limitations—the ALJ's RFC includes limitations at least as restrictive as those in Chadek's assessment. *See* (AR at 28) ("claimant can . . . never kneel, crouch, crawl, and climb ropes, ladders, or scaffolds"). While the ALJ erroneously mischaracterized Chadek as a "nonmedical person," this error was harmless because the ALJ's RFC demonstrates that the ALJ gave controlling weight to most of Chadek's findings.

Further, the ALJ gave sufficient reasons for rejecting Chadek's unsupported conclusion that Petitioner would miss four days of work per month. First, the ALJ accurately noted that Chadek's opinion on this point is not supported by evidence or a rationale. Chadek's opinion concerning Petitioner's absenteeism is puzzling given that Chadek also opined that Petitioner would not need unscheduled breaks during the work

**MEMORANDUM DECISION AND ORDER - 12**

day. To the extent Chadek's opinion concerning Petitioner's absenteeism derived from Petitioner's reports about his pain, that too is a clear and convincing reason for giving the opinion minimal weight. As discussed above, Petitioner's subjective complaints are not fully credible; thus, any opinions derived from Petitioner's complaints are not entitled to controlling weight.

In addition, the ALJ explained that such a high level of absenteeism was inconsistent with the record. While the ALJ did not repeat the medical record in his discussion of Chadek's assessment, he provided a thorough summary of Petitioner's medical record immediately before addressing the assessment. No other medical source opined that Petitioner would miss work as a result of his disabilities. Moreover, the ALJ again listed Petitioner's daily activities, indicating they are inconsistent with the notion that Petitioner would regularly miss work. On the whole, clear and convincing reasons supported by substantial evidence underpin the ALJ's decision to give minimal weight to Chadek's opinion regarding Petitioner's absenteeism.

## CONCLUSION

The Court will affirm the ALJ's decision that Petitioner is not disabled. The ALJ's decision was supported by substantial evidence in the record as a whole, and was not the product of legal error.

**ORDER**

Based upon the foregoing, the Court being otherwise fully advised in the premises,

**IT IS HEREBY ORDERED** that the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act is **AFFIRMED** and that the petition for review is **DISMISSED** with prejudice.

Dated: **June 03, 2014**

Honorable Candy W. Dale
United States Magistrate Judge